UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-cv-176-GNS
*Filed Electronically*

**In re:  65 Central Union Road, Albany, KY 42602**

THE UNITED STATES OF AMERICA

PLAINTIFF

VS.

MARTHA SHELTON
**Serve via certified mail:**          **65 Central Union Road**
                                       **Albany, KY 42602**

UNKNOWN SPOUSE OF MARTHA SHELTON
**Serve via certified mail:**          **65 Central Union Road**
                                       **Albany, KY 42602**

COMMONWEALTH OF KENTUCKY, COUNTY OF CLINTON
**Serve via certified mail:**          **c/o County Attorney**
                                       **301 East Cumberland Street**
                                       **Albany, KY 42602**

LVNV FUNDING LLC
**Serve via certified mail:**          **c/o CT Corporation System, Agent**
                                       **306 W. Main St., Ste 512**
                                       **Frankfort, KY 40601**

AND

REX TAX LIENS, LLC
**Serve via certified mail:**          **c/o Christy J. Adams, Agent**
                                       **200 S. Buckman Street**
                                       **Shepherdsville, KY 40165**

DEFENDANTS

## <u>IN REM COMPLAINT</u>

********

Comes now the Plaintiff, the United States of America, by and through counsel, and for its In

Rem Complaint and cause of action against the Defendants states as follows:

1. This real estate mortgage foreclosure action is brought by the United States of America, on behalf of its Department of Agriculture, Rural Development (hereinafter "RD"), f/k/a Farmer's Home Administration (FmHA), pursuant to Title 28, United States Code, Section 1345.

2. On or about September 30, 1991, Martha Shelton and Unknown Spouse Of Martha Shelton, for value received, executed and delivered to RD a promissory mortgage note (hereinafter "Note") in the principal amount of $32,500.00, bearing interest at the rate of 8.75 percent per annum, the Note calling for monthly payments of principal and interest. A copy of this Note is attached hereto marked **Exhibit A**, and hereby incorporated by reference as if set forth at length herein.

3. Contemporaneously with the execution of the Note, Johnny Williams (DOD 4/4/2015) and Barbara Williams (DOD 5/19/2005), executed, acknowledged, and delivered to RD a real estate mortgage (hereinafter "Mortgage"), which was recorded on October 1, 1991, in Mortgage Book 68, Page 472, in the Commonwealth of Kentucky, Clinton County Clerk's Office.  In and by this Mortgage, said borrowers granted to RD a first mortgage lien against the real property described in the Mortgage located in Clinton County, Kentucky (hereinafter "Property").  A copy of this Mortgage is attached hereto marked **Exhibit B**, and is hereby incorporated by reference as if set forth at length herein.

4. Contemporaneously with the execution of the Note and Mortgage, Martha Shelton and Unknown Spouse Of Martha Shelton executed, acknowledged, and delivered to RD a Subsidy Repayment Agreement (hereinafter "Subsidy Agreement").  A copy of this Subsidy Agreement is attached hereto marked **Exhibit C**, and hereby incorporated by reference as if set forth at length herein.

5. By virtue of all of the foregoing, the real property which is the subject of this mortgage foreclosure action consists of a tract of land located in Clinton County, Kentucky, and more particularly described as follows:

> Beginning at an iron pin on the North right of way of Kentucky 415, same being 223 feet East of an iron pin marking the intersection of Kentucky Highway 350 and Kentucky Highway 415, corner to Lot no 1, thence with said right of way South 58 degrees 27 minutes 30 seconds East 100 feet to a stake; thence North 31 degrees 32 minutes 30 seconds East 175 feet to a stake, thence North 58 degrees 27 minutes 30 seconds West 100 feet to a stake; thence South 31 degrees 32 minutes 30 seconds West 175 feet to the point of beginning, containing 0.4 acres more or less.

> Being the same real property conveyed to Barbara Williams (DoD May 19, 2005) and Johnny Williams (DoD April 4, 2015) by deed from Steve E. Dicken, dated September 30, 1991 and recorded in Deed Book 87, page 561 in the office of the Clinton County Clerk, Albany, Kentucky; Johnny Williams died intestate on April 4, 2015, and pursuant to an Affidavit of Descent the property vested with Martha Shelton ½ interest, Delbert Williams ¼ interest, and Gladys Foster ¼ share.  Delbert T. Williams and wife Mary L. Williams, and Gladys Foster, unremarried widow, conveyed their interest in the property to Martha Shelton, by deed dated November 30, 2015, of record in Deed Book 155, Page 702, in the office of the Clinton County Clerk.

**Property Address:**  65 Central Union Rd., Albany, KY 42602

6. The Defendants, and/or said borrowers, have failed and continue to fail to make payments of principal and interest due in accordance with the terms and conditions of the said Note and Mortgage and are, therefore, in default.

7. Paragraph (22) of the Mortgage provides that if default occurs in the performance or discharge of any obligation of the Mortgage, then RD shall have the right to accelerate and declare the entire amount of all unpaid principal together with all accrued and accruing interest to be immediately due and payable and to bring an action to enforce the Mortgage, including the foreclosure of the lien thereof.  Because of the Default of the Defendants, and/or said borrower, as set forth above, RD caused a Notice of Acceleration

of Indebtedness and Demand for Payment to be issued to said Defendants declaring the entire indebtedness due upon the said Note and Mortgage to be immediately due and payable, which demand has been refused.

8. Paragraph (1) of the Subsidy provides that subsidy received in accordance with a loan under section 521 of the Housing Act of 1949 is repayable to the Government upon the disposition or nonoccupancy of the security property.

9. The unpaid principal balance on the Mortgage and Note is $20,899.59, with accrued interest of $7,036.07 through July 30, 2019, with the total subsidy granted of $32,313.75, with late charges in the amount of $2.40, and with fees assessed of $3,398.59, for a total unpaid balance due of $63,650.40.  Interest is accruing on the unpaid principal balance at the rate of $5.228 per day after July 30, 2019.  An Affidavit of Proof Statement of Account signed by RD Foreclosure Representative, Vickie Jones, is attached hereto marked **Exhibit D**, and is incorporated herein as if set forth verbatim.

10. Barbara Williams died a married person on May 19, 2005. A copy of the Death Certificate of Barbara Williams is attached hereto as **Exhibit E**.

11. Johnny Williams died on April 4, 2015 and his interest in the real property which is the subject matter of this action vested with his known heirs Martha Shelton, Delbert T. Williams, and Gladys Foster, by Affidavit of Descent recorded in Deed Book 155, Page 701, on December 3, 2015 in the office of the Clinton County Clerk. A copy of the Death Certificate of Johnny Williams is attached hereto as **Exhibit F**.  A copy of the Affidavit of Descent of Johnny Williams is attached hereto as **Exhibit G.**

12. The Defendant, Commonwealth of Kentucky, County of Clinton, may claim an interest in the Property by virtue of multiple Bail Bond Liens, which were recorded on March 16,

2007 as Book 11 Page 353 and on January 11, 2000 as Book 4 Page 540 in the Commonwealth of Kentucky, Clinton County Clerk's Office.   Copy of the Liens is attached hereto marked **Exhibit H,** and is hereby incorporated by reference as if set forth at length herein. Said Defendant's interest in or claim on the Property is inferior in rank and subordinate in priority to the mortgage lien on the Property in favor of RD.   RD is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in favor of the Defendant, Commonwealth of Kentucky, County of Clinton, and the Plaintiff calls upon said Defendant to come forth and assert its claim on or interest in the property, if any, and offer proof thereof, or be forever barred.

13.  The Defendant, LVNV Funding LLC, may claim an interest in the Property by virtue of a Judgment Lien, which was recorded on February 29, 2016 as Book 25 Page 58 in the Commonwealth of Kentucky, Clinton County Clerk's Office.   Copy of the Liens is attached hereto marked **Exhibit I,** and is hereby incorporated by reference as if set forth at length herein. Said Defendant's interest in or claim on the Property is inferior in rank and subordinate in priority to the mortgage lien on the Property in favor of RD.   RD is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in favor of the Defendant, LVNV Funding LLC, and the Plaintiff calls upon said Defendant to come forth and assert its claim on or interest in the property, if any, and offer proof thereof, or be forever barred.

14.  The Defendant, Rex Tax Liens, LLC, may claim an interest in the Property by virtue of a County Tax Lien, which was recorded on September 12, 2017, as Book 26 Page 187 in the Commonwealth of Kentucky, Clinton County Clerk's Office.   Copy of the Liens is attached hereto marked **Exhibit J,** and is hereby incorporated by reference as if set forth

at length herein. Said Defendant's interest in or claim on the Property is inferior in rank and subordinate in priority to the mortgage lien on the Property in favor of RD.  RD is entitled to a foreclosure sale of the Property free and clear of any interest therein or claim thereon in favor of the Defendant, Rex Tax Liens, LLC, and the Plaintiff calls upon said Defendant to come forth and assert its claim on or interest in the property, if any, and offer proof thereof, or be forever barred.

15. The Property is indivisible and cannot be divided without materially impairing its value and the value of RD's lien thereon.

16. The lien on the Property in favor of RD by virtue of the Mortgage is first, prior and superior to all other claims, interests and liens in and to the Property except for liens securing the payment of ad valorem property taxes.

17. There are no other individuals or entities purporting to have an interest in the Property known to RD.

WHEREFORE, the Plaintiff, the RD, prays for relief as follows:

    a.    That the RD be awarded a judgment, as the total amount owing is $63,650.40, as of July 30, 2019 which includes the amount of $32,313.75 in subsidy interest credits. Interest is accruing on the unpaid principal balance at the rate of $5.228 per day after July 30, 2019, until entry of judgment herein, and thereafter according to law, plus costs, disbursement and expenses.

    b.    That RD be adjudged a lien on the subject Property, prior and superior to any and all other liens, claims, interests, and demands, except liens for unpaid real estate ad valorem taxes and except as set forth above; and for an Order of Sale of the Property in accordance with Title 28, United States Code, Sections

2001- 2003, inclusive; that the Property be sold free and clear of any and all liens and claims for any and all parties to this action, except for real estate restrictions and easements of record, and any city, county, state, or school ad valorem taxes which may be due and payable thereon at the time of sale; and free and clear of any rider equity of redemption; and that the proceeds from the sale be applied first to the costs of this action, second to the debt, interest, costs, and fees due the Plaintiff, with the balance remaining to be distributed to the parties as their liens and interests may appear.

c.    That the Property be adjudged indivisible and be sold as a whole.

d.    That all Defendants be required to Answer and set up their respective liens, claims, or interests in the Property, if any, or be forever barred.

e.    For any and all other lawful relief to which the Plaintiff may appear properly entitled.

Respectfully submitted,
Clunk, Hoose Co., LPA


*/s/ Travis W. Thompson*
Travis W. Thompson KBA No. 91275
ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA
2360 Chauvin Drive, Suite 204
Lexington, KY 40517-3917
Telephone:    502-867-6758
Facsimile:    502-867-6761
Email:    tthompson@clunkhoose.com
File No. 19-01724

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

# EXHIBIT A

| TYPE OF LOAN |
| --- |
| RH |

| STATE |
| --- |
| Kentucky |
| **COUNTY** |
| Clinton |
| **CASE NO** |
| ▮▮▮▮▮▮▮▮ |

Date ~~September 30,~~ , 19 91 .

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in Albany, Kentucky

**THE PRINCIPAL SUM OF** THIRTY TWO THOUSAND, FIVE HUNDRED AND NO/100------------------

**DOLLARS ($** 32,500.00 ), plus **INTEREST** on the **UNPAID PRINCIPAL** of

EIGHT AND THREE-FOURTHS **PERCENT (** 8 3/4 **%) PER ANNUM.**

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.    Principal and Interest payments shall be deferred. The interest accrued to _____ , 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $ _____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19____ , through _____ , 19____ ,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.    Payments shall not be deferred. Principal and Interest shall be paid in 456 installments as indicated in the box below:

| $ 247.00 | on | OCTOBER 28 | , 19 91 , and |
| --- | --- | --- | --- |

$ 247.00 _____ thereafter on the 28TH DAY of each MONTH

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE** THIRTY EIGHT ( 38 ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR

Presentment, protest, and notice are hereby waived.

_Barbara Williams_ (SEAL)
Barbara Williams        _(BORROWER)_

_Johnny Williams_ (SEAL)
Johnny Williams      _(CO-BORROWER)_

Albany, KY      42602

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 32,500.00 | 9-30-91 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 32,500.00 | |

# EXHIBIT B

MTG-68-472

Position 5

USDA-FmHA
Form FmHA 427-1 KY
(Rev. 6-91)

9-30-91 472

## REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by __Barbara Williams and husband,__

__Johnny Williams__

residing in __Clinton__ _____ County, Kentucky, whose post office

address is __Route 1, Box 156__ _____ __Albany__ , Kentucky, __42602__ ,
herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| September 30, 1991 | $32,500.00 | 8 3/4% | Sept. 30, 2029 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Administration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (s) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(xx) of __Clinton__ _____ :

Beginning at an iron pin on the North right of way of Kentucky 415, same being 225 feet East of an iron pin marking the intersection of Kentucky Highway 350 and Kentucky Highway 415, corner to Lot #1,, thence with said right of way South 58 degrees 27 minutes 30 seconds East 100 feet to a stake, thence North 31 degrees 32 minutes 30 seconds East 175 feet to a stake, thence North 58 degrees 27 minutes 30 seconds

FmHA 427-1 KY (Rev. 6-91)

West 100 feet to a stake, thence South 31 degrees
32 minutes 30 seconds West 175 feet to the point
of beginning, containing 0.4 acres more or less.

**473**

Being the same real property conveyed to
Barbara Williams and husband, Johnny Williams
from Steve E. Dicken, single, by deed dated September
30, 1991 and of record in the Clinton County
Kentucky Clerk's Office in Deed Book No. 08, at
Page No. 561-563 Page Kow. 688-690.

being the same (or part of the same) land conveyed*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest thereinall of which are herein called "the property"; All rents, profits and income from the property covered by this mortgage are hereby assigned to the mortgagee for the purpose of discharging the debt hereby secured. Permission is hereby given to the mortgagor, so long as no default exist hereunder, to collect such rents, profits and income for use in accordance with Farmers Home Administration regulations.

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

474

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property. Upon termination of this mortgage, after payment in full, the mortgagee, at the mortgagor's expense, shall execute and file or record such instruments of release, satisfaction and termination in proper form pursuant to the requirements contained in KRS 382.365.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, handicap, familial status, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, handicap, familial status, age or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Given under the hand(s) and seal(s) of Borrower this _30th_ day of _September_, 19 _91_.

_Barbara Williams_ (SEAL)        475
Barbara Williams

_Johnny Williams_ (SEAL)
Johnny Williams

STATE OF KENTUCKY

COUNTY OF __CLINTON__ } ss:

Before me, __James M. Lawson__, a Notary Public in and for

the County of __Clinton__ personally appeared __Barbara Williams__

_____ and __Johnny Wiliams__ her husband

who acknowledged that they executed the foregoing instrument on the __30th__

day of __September__, 19 _91_, as their free act and deed.

WITNESS my hand and official seal this __30th__ day of __September__, 19 _91_.

(SEAL)

My commission expires: __11-10-1993__                        Notary Public

### PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

JAMES M. LAWSON, Atty.                _(name)_
Lawson Bldg., 215 E. Cumberland St.   Albany, KY 42602
                                       _(address)_

_____
                                      _(Signature)_

### RECORDER'S CERTIFICATE

STATE OF KENTUCKY

COUNTY OF __Clinton__ } ss:

I, __Jim Elmore__, Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the __30th__ day of __Sept__, 19 _91_, lodged for record

at __2:32__ o'clock __P__ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this __30th__ day of __Sept__, 19 _91_.

_Jim Elmore_   Clinton
Clerk of                          County Court

By _Paula Dicken_, D.C.

*U.S. Government Printing Office: 1091 — 556-764

STATE OF KENTUCKY,
COUNTY OF CLINTON,

I, Jim Elmore, Clerk of the County for the County and State aforesaid certify that the foregoing _Mortgage_ was on the __30th__ day of _September_ 1991, lodged for record in my office at __2:32__ a.m., _p.m._; Whereupon the same with the foregoing and this certificate have been recorded in _Mortgage_, Book No. _68_ Page No. _472-475._

Witness by my hand this _1st_ day of _Oct_, 1991.

_Jim_ Elmore, Clerk
By _Paula Dicken_ D.C.

USDA-FmHA
Form FmHA 427-1 KY
(Rev. 6-91)

Position ████

RECEIVED ████
DATE 2-19-92
TIME 3:25 pm
75¢

9

163

CORRECTED    **REAL ESTATE MORTGAGE FOR KENTUCKY**

THIS MORTGAGE is made and entered into by __Barbara Williams and husband, Johnny Williams__

residing in _____Clinton_____ County, Kentucky, whose post office

address is ____Route 1, Box 65,Albany____, Kentucky _42602___,
herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| September 30, 1991 | $32,500.00 | 8 3/4% | September 30, 2029 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Adminstration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(ies) of ____Clinton____ :

Beginning at an iron pin on the North right of way of Kentucky 415, same being 225 feet East of an iron pin marking the intersection of Kentucky Highway 350 and Kentucky Highway 415, corner to Lot #1, thence with said right of way South 58 degrees 27 minutes 30 seconds East 100 feet to a stake; tehnce North 31 degrees 32 minutes 30 seconds East 175 feet to a stake, thence North 58 degrees 27 minutes 30 seconds West 100 feet to a stake, thence South 31 degrees 32 minutes 30 seconds West 175 feet to the point of beginning, containing 0.4 acres more or less.

FmHA 427-1 KY (Rev. 6-91)

Being the same real property conveyed to Barbara Williams and husband, Johnny Williams from Steve E. Dicken, single, by deed dated September 30, 1991, and of record in the Clinton County Kentucky Clerk's Office in Deed Book 87, at Page Nos. 561-563.

CORRECTED MORTGAGE:  This is a corrected mortgage, the original mortgage being of record in the aforesaid Clerk's Office in Mortgage Book No.68 at page nos. 472-475.

being the same (or part of the same) land conveyed*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in-all of which are herein called "the property". All rents, profits and income from the property covered by this mortgage are hereby assigned to the mortgagee for the purpose of discharging the debt hereby secured. Permission is hereby given to the mortgagor, so long as no default exist hereunder, to collect such rents, profits and income for use in accordance with Farmers Home Administration regulations.

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

165

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property. Upon termination of this mortgage, after payment in full, the mortgagee, at the mortgagor's expense, shall execute and file or record such instruments of release, satisfaction and termination in proper form pursuant to the requirements contained in KRS 382.365.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment, or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, handicap, familial statue, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, handicap, familial statue, age or national origin.

(21)  Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

166

Given under the hand(s) and seal(s) of Borrower this _____4th_____ day of _____February_____ 19 92

This instrument also secures the recapture of any deferred principal and interest which may be granted to the borrower(s) pursuant *Barbara Williams* (SEAL)

to §502(g) of the Housing Act of 1949, *Johny Williams* (SEAL)

as amended. Johnny Williams

STATE OF KENTUCKY } ss:

COUNTY OF ___CLINTON___

Before me, _____James M. Lawson_____, a Notary Public in and for

the County of ___Clinton___ personally appeared ___Barbara Williams___

_____ and _husband, Johnny Williams_, XX XXX

who acknowledged that they executed the foregoing instrument on the _____4th_____

day of ___February___, 19 _92_ as their free act and deed.

WITNESS my hand and official seal this ___4th___ day of ___February___, 19 _92_.

(SEAL)

My commission expires: November 10, 1993                                Notary Public

### PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

___James M. Lawson___
                                    *(name)*
___Lawson Bldg., 215 E. Cumberland St., Albany, KY 42602___
                                    *(address)*
                                                                        *(Signature)*

### RECORDER'S CERTIFICATE

STATE OF KENTUCKY } ss:

COUNTY OF _____

I, _____, Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the _____ day of _____, 19 ____, lodged for record

at ____ o'clock ____ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this _____ day of _____, 19 ____.

Clerk of _____                                        County Court

By _____, D.C.

*U.S. Government Printing Office: 1991 — 550-764

---

I, Jim Elmore, Clerk of the County for the County and State

aforesaid certify that the foregoing _Mtg._ was on the

_19th_ day of _Feb._ 1992, lodged for record in my office

at _3:25_ a.m. (p.m.); Whereupon the same with the forgoing and

this certificate has been duly recorded in _Mtg._ Book No.

_69_ Page No. _163_.

GIVEN UNDER MY HAND, THIS _20th_ DAY OF _Feb._ 1992.

JIM ELMORE, CLERK

BY _Phyllis Sells_ D.C.

# EXHIBIT C

FmHA Instruction 1951-I
Exhibit A

### UNITED STATES DEPARTMENT OF AGRICULTURE
### FARMERS HOME ADMINISTRATION

### Subsidy Repayment Agreement

Date of Note <u>9-30-91</u> Amount of Note <u>$32,500.00</u> Date of mortgage <u>9-30-91</u>

Date of Note _____ Amount of Note _____ Date of mortgage _____

Type of assistance:                          1. Interest credit /x /
                                             2. Homeownership Assistance
                                                Program / /

Address of Property:   North Right-of-Way
                       of KY 415, Route 1
                       Albany, KY   42602

### BORROWER: Barbara Williams

### CO-BORROWER: Johnny Williams

1    This agreement entered into pursuant to 7 CFR 1951-I, between the Unite
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appear
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)   SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 2

4   I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us).  If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid.  The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5   I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6   When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

   (a)  Unpaid balance of loans secured by a prior mortgage as well as
   real estate taxes and assessments levied against the property which
   are due will be paid.

   (b)  Unpaid principal and interest owed on FmHA RH loans for the
   property and advances made by FmHA which were not subsidy and are
   still due and payable will be paid to the Government.

   (c)  I (we) will receive from the sale proceeds actual expenses
   incurred by me (us) necessary to sell the property.  These may include
   sales commissions or advertising cost, appraisal fees, legal and
   related costs such as deed preparation and transfer taxes.  Expenses
   incurred by me (us) in preparing the property for sale are not allowed
   unless authorized by the Government prior to incurring such expenses.
   Such expenses will be authorized only when FmHA determines such expenses
   are necessary to sell the property, or will likely result in a return
   greater than the expense being incurred.

   (d)  I (we) will receive the amount of principal paid off on the
   loan calculated at the promissory note interest rate.

   (e)  Any principal reduction attributed to subsidized interest
   calculations will be paid to the Government.

   (f)  I (we) will receive my original equity which is the difference
   between the market value of the security, as determined by the
   FmHA appraisal at the time the first loan subject to recapture of
   subsidy was made, and the amount of the FmHA loan(s) and any
   prior lien.  This amount is _____-0-_____ and represents
   ____-0-____ percent of the market value of the security.  (The



FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment of
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:    N/A    .  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.

_Barbara Williams_ Borrower
    Barbara Williams
_Johnny Williams_ Co-Borrower
    Johnny Williams
    9-30-1991
    Date signed

Accepted and Agreed to
By _____ (FmHA Official)
    Dwight H. Norfleet
    County Supervisor       (Title)

    10-24-91
    Date

oOo

# EXHIBIT D

### UNITED STATES DEPARTMENT OF AGRICULTURE
### RURAL DEVELOPMENT

### AFFIDAVIT OF PROOF STATEMENT OF ACCOUNT AS TO:

Borrower's Name(s):  **Johnny W. & Barbara Williams**
RD Loan Number(s):

**STATE OF MISSOURI**
**COUNTY OF ST LOUIS**

Personally appeared before me the undersigned authority, Vickie Jones, Foreclosure Representative, Rural Development (RD) who upon oath deposes and says that she is an employee of the United States Department of Agriculture, an agency of the United States of America, and further states as follows:

1.  That affiant is the RD Officer charged with legal custody of the accelerated RD loan file.

2.  That affiant has personally reviewed **Johnny W. & Barbara Williams** borrower Rural Development's accelerated RD loan account and file, and according to the records maintained and kept in this office, the borrower(s) as of **July 30, 2019**, owe(s) the unpaid balance of **$63,650.40** which includes principal, interest accrued to date and other pending fees and charges to the account as provided by the loan instruments and applicable law.  Interest continues to accrue at the rate of **$5.228** per day as provided by the loan instruments.  The payment is due the **28th** of every month and is currently delinquent for **April 28, 2015** through **July 30, 2019.**

3.  The account is delinquent as of **July 30, 2019** in the amount of **$16,025.06.**

Breakdown of the unpaid balance:

| | | |
|---|---|---:|
| Loan Number | | |
| Principal Balance | $ | 20,899.59 |
| Interest | $ | 7,036.07 |
| Total Subsidy Granted | $ | 32,313.75 |
| Escrow | $ | |
| Late Charges | $ | 2.40 |
| Fees Assessed | $ | 3,398.59 |
| Appraisal Costs | $ | |
| Escrow Credits | $ | |
| **TOTAL** | $ | **63,650.40** |

Affiant has personal knowledge of the above-stated facts, is competent to testify to same, and declares that the foregoing is true and correct.

Vickie Jones
Foreclosure Representative
St. Louis, MO
Rural Development
United States Department of Agriculture

Sworn to and subscribed before me this **30th** day of July  2019.

Notary Public for Missouri
My commission Expires:  10/19/22

JULIE A. BUSH
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 14630856
My Commission Expires 10-19-2022

COMMONWEALTH OF KENTUCKY

## REGISTRAR OF VITAL STATISTICS
### CERTIFIED COPY

**EXHIBIT E**

19-01724
5748759

COMMONWEALTH OF KENTUCKY
CABINET FOR HEALTH SERVICES
REGISTRAR OF VITAL STATISTICS

RM VS NO. 1-A
rv. 5/02)

116 _____  2005  17286

FILE NO.

### CERTIFICATE OF DEATH

**MUST BE TYPED**

| | | |
|---|---|---|
| 1. DECEDENT'S NAME (First, Middle, Last) Barbara WILLIAMS | 2. SEX Female | 3. DATE OF DEATH (Month, Day, Year) May 19, 2005 |

| 4. SOCIAL SECURITY NO. ▓▓▓ | 5a. AGE Last Birthday (Years) 52 | 5b. UNDER 1 YEAR (Months) (Days) | 5c. UNDER 1 DAY (Hours) (Minutes) | 6. DATE OF BIRTH (Month, Day, Year) September ▓▓ 1952 | 7. BIRTHPLACE (City/State or Foreign Country) Albany KY |

DECEDENT

| 8. WAS DECEDENT EVER IN U.S. ARMED FORCES? ☐ Yes ☒ No | 9a. PLACE OF DEATH (Check only one) |
|---|---|

HOSPITAL ☐ Inpatient ☒ ER/Outpatient ☐ DOA   OTHER ☐ Nursing Home ☐ Residence ☐ Other (Specify)

| 9b. FACILITY NAME (If not institution, give street and number) Clinton County Hospital | 9c. CITY, TOWN, OR LOCATION OF DEATH Albany | 9d. COUNTY OF DEATH Clinton |

| 10. MARITAL STATUS Married, Never Married Widowed, Divorced (Specify) Married | 11. SURVIVING SPOUSE (If wife, give maiden name) Johnny Wayne Williams | 12a. DECEDENT'S USUAL OCCUPATION (Give kind of work done during most of working life. Do not use retired) Homemaker | 12b. KIND OF BUSINESS/INDUSTRY Own home |

| 13a. RESIDENCE - State Kentucky | 13b. COUNTY Clinton | 13c. CITY, TOWN, OR LOCATION Albany | 13d. STREET AND NUMBER Rt. 1 Box 65 |

| 13e. INSIDE CITY LIMITS? ☐ Yes ☒ No | 13f. ZIP CODE 42602 | 14. WAS DECEDENT OF HISPANIC ORIGIN? (Specify No or Yes – If yes, specify, Cuban, Mexican, Puerto Rican, etc.) ☒ No ☐ Yes | 15. RACE – American Indian, Black, White, etc. (Specify) White | 16. DECEDENT'S EDUCATION (Specify only highest grade completed) Elem/Secondary (0-12) 6  College (1-4 or 5+) |

PARENTS

| 17. FATHER'S NAME (First, Middle, Last) Fred Duvall | 18. MOTHER'S NAME (First, Middle, Maiden Surname) Ruby Guinn |

INFORMANT

| 19a. INFORMANT'S NAME Johnny Wayne Duvall | 19b. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code) Rt. 1 Box 65   Albany KY 42602 |

DISPOSITION

| 20a. METHOD OF DISPOSITION ☐ Burial ☒ Cremation ☐ Removal from State ☐ Donation ☐ Other (Specify) | 20b. PLACE OF DISPOSITION (Name of cemetery crematory, or other place) Somerset Wilbert Vault & Crematory | 20c. LOCATION (City, Town, or State) Somerset KY |

| 21. SIGNATURE OF FUNERAL SERVICE LICENSEE (Or person acting as such) Steve Tallott | 22. NAME AND ADDRESS OF FACILITY Talbott Funeral Home 1106 N Cross St   Albany KY |

CERTIFIER

| 23a. To the best of my knowledge, death occurred at the time, place and due to the cause(s) stated Signature and Title Steve Talbott Clinton Co. Coroner (MUST USE BLACK INK) | 23b. DATE SIGNED (Month, Day, Year) 6-15-2005 |

24. NAME AND ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH (ITEM 28)
Steve Talbott, Clinton Co Coroner, 1106 N Cross St Albany KY 42602

| 25. TIME OF DEATH pronounced 2:04 p.m. | 26. DATE PRONOUNCED DEAD (Month, Day, Year) 5/19/05 | 27. WAS CASE REFERRED TO MEDICAL EXAMINER/CORONER? ☒ Yes ☐ No |

CAUSE OF DEATH

28. PART I. Enter the diseases, injuries, or complications that caused death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock or heart failure. List only one cause on each line

Approximate interval between onset and death.

IMMEDIATE CAUSE (Final disease or condition resulting in death)  a. Acute myocardial infarction

DUE TO (OR AS A CONSEQUENCE OF):

Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST   b.

DUE TO (OR AS A CONSEQUENCE OF):

c.

DUE TO (OR AS A CONSEQUENCE OF):

d.

| PART II. Other significant conditions contributed to death but not resulting in the underlying cause given in Part I. | 28a. If female, was there a pregnancy in the past 12 months? ☐ Yes ☐ No | 28b. Was an autopsy performed? ☐ Yes ☒ No | 28c. Were autopsy findings available to completion of cause of death? ☐ Yes ☐ No |

| 28d. Did the deceased have Diabetes? ☐ Yes ☒ No | 28e. Was Diabetes an immediate, underlying, or contributing cause of or condition leading to death? ☐ Yes ☐ No |

| 29. MANNER OF DEATH ☒ Natural ☐ Pending Investigation ☐ Accident ☐ Could not be determined ☐ Suicide ☐ Homicide | 30a. DATE OF INJURY (Month, Day, Year) | 30b. TIME OF INJURY | 30c. INJURY AT WORK? ☐ Yes ☐ No | 30d. DESCRIBE HOW INJURY OCCURRED |
| | 30e. PLACE OF INJURY – At home, farm, street, factory, office building, etc. (Specify) | | 30f. LOCATION (Street and Number or Rural Route Number, City or Town) | |

REGISTRAR

| 31. REGISTRAR'S SIGNATURE | 32. DATE FILED (Month, Day, Year) JUN 17 2005 |

This is to certify that this is a true and correct copy of the certificate of birth, death, marriage or divorce of the person therein named, and that the original certificate is registered at the Kentucky Office of Vital Statistics under the file number shown.

DATE ISSUED  OCT 0 9 2010

Christina S. Stewart
State Registrar

DOCUMENT CONTAINS A WATERMARK – HOLD UP TO LIGHT TO VIEW

19-01724
5802046

# REGISTRAR OF VITAL STATISTICS
## CERTIFIED COPY

**EXHIBIT F**

KENTUCKY CERTIFICATE OF DEATH

116 201517085

Case #: E201504090032

| 1a. DECEDENT'S LEGAL NAME (First, Middle, Last) (Include AKA's if any) | 1b. IF FEMALE, DECEDENT'S LAST NAME PRIOR TO FIRST MARRIAGE | 2. SEX |
|---|---|---|
| JOHNNY WAYNE WILLIAMS | N/A | MALE |

| 3. ACTUAL OR PRESUMED DATE OF DEATH (Month/Day/Year) (Spell Month) | 4. SOCIAL SECURITY NUMBER | 5a. AGE-LAST BIRTHDAY (Years) | 5b. UNDER 1 YEAR Months / Days | 5c. UNDER 1 DAY Hours / Min | 6. DATE OF BIRTH (MM/DD/YYYY) | 7. COUNTY OF DEATH |
|---|---|---|---|---|---|---|
| April 04, 2015 | | 65 | | | 05___1949 | FAYETTE |

8. PLACE OF DEATH (Check only one)
HOSPITAL: [X] Inpatient [ ] ER/Outpatient [ ] Dead on Arrival OTHER: [ ] Hospice Facility [ ] Nursing Home/Long Term Care Facility [ ] Decedent's Residence [ ] Other (Specify)

| 9. FACILITY NAME (If not institution, give street and number) | 10. CITY OR TOWN, STATE AND ZIP CODE |
|---|---|
| SAINT JOSEPH HOSPITAL | LEXINGTON, KY 40504 |

| 11. BIRTHPLACE (City and State or Foreign Country) | 12. MARITAL STATUS | 13. SURVIVING SPOUSE (If wife, give name prior to first marriage) |
|---|---|---|
| ALBANY, KENTUCKY | [X] Married [ ] Married but Separated [ ] Widowed [ ] Divorced [ ] Never Married [ ] Unknown | MARTHA FRANCIS SHELTON |

| 14. DECEDENT'S USUAL OCCUPATION (Kind of work done during most of working life) (Do not use retired) | 15. KIND OF BUSINESS/INDUSTRY | 16. WAS DECEDENT EVER IN U.S. ARMED FORCES? [ ] Yes [X] No |
|---|---|---|
| FARMER | AGRICULTURAL | |

| 17a. RESIDENCE - State | 17b. COUNTY | 17c. CITY OR TOWN | 17d. STREET AND NUMBER | 17e. ZIP CODE | 17f. INSIDE CITY LIMITS? [ ] Yes [X] No |
|---|---|---|---|---|---|
| KENTUCKY | CLINTON | ALBANY | 85 CENTRAL UNION RD. | 42602 | |

18. DECEDENT'S EDUCATION (Check the box that best describes the highest degree or level of school completed at the time of death.)
[X] 8th Grade or Less
[ ] 9th - 12th Grade; No Diploma
[ ] High School Graduate or GED Completed
[ ] Some College Credit but No Degree
[ ] Associates Degree (e.g., AA, AS)
[ ] Bachelor's Degree (e.g., BA, AB, BS)
[ ] Master's Degree (e.g., MA, MS, MEng, MEd, MSW, MBA)
[ ] Doctorate (e.g., PhD, EdD) or Professional Degree (e.g., MD, DDS, DVM, LLB, JD)

19. DECEDENT OF HISPANIC ORIGIN? (Check the box that best describes whether the decedent is Spanish/Hispanic/Latina. Check the "No" box if the decedent is not Spanish/Hispanic/Latino.)
[X] No, not Spanish/Hispanic/Latino
[ ] Yes, Mexican, Mexican American, Chicano
[ ] Yes, Puerto Rican
[ ] Yes, Cuban
[ ] Yes, other Spanish/Hispanic/Latino (Specify)_____

20. DECEDENT'S RACE (Check one or more races to indicate what the decedent considered himself or herself to be)
[X] White
[ ] Black or African American
[ ] Native Hawaiian
[ ] Asian Indian
[ ] Chinese
[ ] Filipino
[ ] Japanese
[ ] Guamanian or Chamorro
[ ] Korean
[ ] Vietnamese
[ ] Samoan
[ ] Other Asian (Specify)_____
[ ] Other Pacific Islander (Specify)_____
[ ] American Indian or Alaska Native (Name of the enrolled or principal tribe)_____
[ ] Other (Specify)_____

| 21. FATHER'S NAME (First, Middle, Last) | 22. MOTHER'S NAME PRIOR TO FIRST MARRIAGE (First, Middle, Last) |
|---|---|
| DELBERT WILLIAMS | OVA DEAN RIGNEY |

| 23a. INFORMANT'S NAME | 23b. RELATIONSHIP TO DECEDENT | 23c. MAILING ADDRESS (Street and Number, City, State, Zip Code) |
|---|---|---|
| MARTHA FRANCIS WILLIAMS | SPOUSE | 85 CENTRAL UNION RD., ALBANY, KY 42602 |

24. METHOD OF DISPOSITION (Check only one):
[ ] Burial [X] Cremation [ ] Donation [ ] Entombment
[ ] Removed from State [ ] Other (Specify)

| 25. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place) | 26. LOCATION - City, Town, and State |
|---|---|
| WILBERT VAULT AND CREMATORY OF SOME | SOMERSET, KY |

| 27. SIGNATURE OF FUNERAL SERVICE LICENSEE (Or person acting as such) | DATE SIGNED (MM/DD/YYYY) | 28. KY LICENSE NUMBER (of licensee) | 29. NAME AND COMPLETE ADDRESS OF FUNERAL FACILITY |
|---|---|---|---|
| MARK C. NEW, EMBALMER & FUNERAL DIRECTOR (Must Use Blue/Black Ink) Electronic signature is legally acceptable pursuant to KRS 369.107 & KRS 369.118 | 05/26/2015 | 4834 | CAMPBELL - NEW FUNERAL HOME PO BOX 25 ALBANY, KY 42602 |

| 30. DATE PRONOUNCED DEAD (MM/DD/YYYY) | 31. ACTUAL OR PRESUMED TIME OF DEATH | 32. WAS MEDICAL EXAMINER OR CORONER CONTACTED? [ ] Yes [X] No |
|---|---|---|
| 04/04/2015 | 1256 | |

33. PART I. Enter the chain of events – diseases, injuries, or complications – that caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on each line.

| CAUSE OF DEATH | | Approximate Interval Between Onset and Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) → | a. **ASYSTOLE** | UNKNOWN |
| | DUE TO (OR AS A CONSEQUENCE OF): | |
| Sequentially list conditions, if any, leading to the cause listed on line a. | b. **HYPERKALEMIA** | |
| | DUE TO (OR AS A CONSEQUENCE OF): | |
| Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | c. **MYOCARDIAL INFARCTION** | |
| | DUE TO (OR AS A CONSEQUENCE OF): | |
| | d. **RESPIRATORY ARREST** | |

PART II. Enter other significant conditions contributing to death, but not resulting in the underlying cause given in Part I
POSTOPERATIVE DAY 2 FROM POSTERIOR CERVICAL C1-6 FUSION

34. MANNER OF DEATH
[X] Natural [ ] Accident
[ ] Homicide [ ] Pending Investigation
[ ] Suicide [ ] Could not be Determined

| 35. WAS AN AUTOPSY PERFORMED? [ ] Yes [X] No | 37. DID TOBACCO USE CONTRIBUTE TO DEATH? [ ] Yes [ ] Probably [ ] No [X] Unknown | 38. IF FEMALE: [ ] Not pregnant within past year [ ] Pregnant at time of death [ ] Not pregnant, but pregnant within 42 days of death [ ] Unknown if pregnant within past year [ ] Not pregnant, but pregnant 43 days to 1 year before death |
|---|---|---|
| 36. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? [ ] Yes [ ] No | | |

| 39. DATE OF INJURY (Month/Day/Year) (Spell Month) | 40. TIME OF INJURY | 41. INJURY AT WORK? [ ] Yes [ ] No | 42. PLACE OF INJURY (e.g., Decedent's home; construction site; restaurant; wooded area) | 43. IF TRANSPORTATION INJURY, SPECIFY: [ ] Driver/Operator [ ] Pedestrian [ ] Passenger [ ] Other (Specify) |
|---|---|---|---|---|

| 44. DESCRIBE HOW INJURY OCCURRED | 45. LOCATION OF INJURY (Street and Number, City or Town, State, Zip Code) |
|---|---|

| 46. TO BE COMPLETED BY CERTIFIER | 47. DATE CERTIFIED (MM/DD/YYYY) |
|---|---|
| To the best of my knowledge, death occurred at the time, date, and place, and due to cause(s) and manner stated. | 05/26/2015 |
| SIGNATURE **GABRIEL PHILLIPS, MD** (Must Use Blue/Black Ink) Electronic signature is legally acceptable pursuant to KRS 369.107 and KRS 369.118 | 48. LICENSE NUMBER 46283 | 49. TITLE OF CERTIFIER PHYSICIAN |

| 50. NAME, ADDRESS, AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH (ITEM 33) GABRIEL PHILLIPS |
|---|
| ST. JOSEPH HOSPITAL/KMA, 1401 HARRODSBURG RD SUITE A-440, LEXINGTON, KY 40504 |

| 51. REGISTRAR'S SIGNATURE *Christina S. Stewart* | 52. DATE FILED (MM/DD/YYYY) 05/26/2015 |
|---|---|

This is to certify that this is a true and correct copy of the certificate of birth, death, marriage or divorce of the person therein named, and that the original certificate is registered at the Kentucky Office of Vital Statistics under the file number shown.

DATE ISSUED      11/21/2019

*Christina S. Stewart*
State Registrar

DOCUMENT CONTAINS A WATERMARK – HOLD UP TO LIGHT TO VIEW

FORM VS NO. 1-A
(REVISED 08/2015)



COMMONWEALTH OF KENTUCKY

# EXHIBIT G

## AFFIDAVIT OF DESCENT

The Affiant, **Martha Shelton**, states that she has personal knowledge of the estate of the late

**JOHNNY W. WILLIAMS**, who died intestate a resident of Clinton County, Kentucky, on or about

April 4, 2015, and that she has personal knowledge of the said **JOHNNY W. WILLIAMS'** heirs

at law, and at the time of his death, **JOHNNY W. WILLIAMS'** next of kin and heirs he left were

as follows:

| NAME | AGE | ADDRESS | RELATIONSHIP | INTEREST |
|------|-----|---------|--------------|----------|
| Martha Shelton | 18+ | Albany, Ky | Spouse | 1/2 |
| Delbert T. Williams | 18+ | Monticello, Ky | Brother | 1/4 |
| Gladys Foster | 18+ | Albany, Ky | Sister | 1/4 |

IN TESTIMONY WHEREOF, I subscribe my name this the ____ day of November, 2015.

*Martha Shelton Williams*
**MARTHA SHELTON**

COMMONWEALTH OF KENTUCKY
COUNTY OF CLINTON

Subscribed and sworn to before me, a Notary Public, by **MARTHA SHELTON.**
This the _30_ day of November, 2015.

*June Pugh*
NOTARY PUBLIC, STATE AT LARGE
MY COMMISSION EXPIRES: _9/4/2017_

PREPARED BY:

**DAVID M. CROSS**
**ATTORNEY AT LAW**
**200 E. CUMBERLAND STREET**
**P.O. BOX 70**
**ALBANY, KY 42602**
**606-387-6638**
**606-387-6644 FAX**

**FILED** 13⁵⁹
AT _10:01_ _A_M

DEC 0 2 2015

CLINTON COUNTY
SHELIA BOOHER
County Clerk

133729
Filed on: 12/3/2015 1:41:55 PM
Book: DEED   Number: 155
Pages: 781 - 781
Shelia Braswell Booher, Clinton County
DC: KATE PARRISH

# EXHIBIT H

| | | |
|---|---|---|
| ACC-360 Doc. Code: BS<br>Rev. 7-98<br><br>Commonwealth of Kentucky<br>Court of Justice<br><br>RCr 4.34; KRS 431.535 | **SWORN SCHEDULE FOR BAIL BOND<br>SECURED BY REAL ESTATE** | Case No. 07-CR-00085<br>35 Court Circuit<br>County Clinton |

COMMONWEALTH OF KENTUCKY                    Plaintiff

v.                                                          Amount of bond $ 5,000.00

Johnny Wayne Williams _____ Defendant

Affiant, __Johnny Wayne Williams__, states that he/she is the sole owner (or if jointly owned, Affiants are the sole owners) of the unencumbered equity in the real estate herein described, that the property is not exempt from execution, and he/she offers it as security for the appearance of the defendant in accordance with the conditions of release imposed by the court; and affiant(s) hereby grant(s) a lien upon this property for this purpose in the amount of $__5,000.00__. Affiant further states that he/she has been made aware of his/her statutory right to a $5,000 Homestead Exemption pursuant to KRS 427.060. The affiant ❑ does ❑ does not hereby ___ without reservation Waive Any And All Such Legal Right To Said Homestead Exemption for the sole purpose ___ securing a bail bond in the above referenced case. This waiver shall become null and void upon release of said ___ il bond.

The real estate is located in __Clinton__ County, Kentucky. A legal description is attached ___reto, and is recorded in Deed Book __87__ Page __561__ in that county.

The following is a list of all encumbrances and exemptions on the real estate:

nount:                                    **FILED**            Held by:

$ __26,315.58__                    AT _1:40_ _P_M

_____        MAR 15 2007            Homestead Exemption

_____        **CLINTON COUNTY**            __USDA__
                                                **JIM ELMORE**
                                                County Clerk

The market value of the unencumbered equity is $__36,000.00__ which is twice the amount of the bond over and above any encumbrances or exemptions.

The real estate has not previously been used or accepted as bail in this Commonwealth during the 12 months preceding the date of this bail; or if it has been so used, affiant is the defendant or is related to defendant no further removed than first cousin or is (are) the father-in-law, mother-in-law, son-in-law, daughter-in-law of the defendant.

The affiants have read the above schedule and file this with the surety bond herein. The affiants further state that the statements herein are true to the best of their knowledge and that they are subject to penalty of perjury if a false statement has been made.

X _Johnny Williams_ _____
X _Rt Box 65 Albany_ _____
        Address                                        Address

Subscribed and sworn to before me this __9__ day of __March__, __2007__.

_Jeremy Ferguson_

Title_____ _D/C_

Copy Distribution:
      Original - Courtfile
      Certified Copy - County Clerk
      where property located (with certified
      copy of Bail Bond and Recording Fees).

35⁴

STATE OF KENTUCKY, COUNTY OF CLINTON, SCT
I, Jim Elmore, Clerk of Clinton County, do hereby certify that
the foregoing _____ was, on the __15__ day of _March_
__2007__, at __11.99m__, lodged in my said office, on the
__16__ day of _March_, _2007_, together with this
certificate thereon endorsed.
Given under my hand.
BOOK __11__ PAGE __353__
JIM ELMORE, CLERK
BY _Jennifer L. Johnson_ DC

Commonwealth of Kentucky
Court of Justice

RCr 4.34; KRS 431.535

SWORN SCHEDULE FOR BAIL BOND
SECURED BY REAL ESTATE

Case No. _99-7-1540_
Court _District_
County _Clinton_

COMMONWEALTH OF KENTUCKY

v.

Amount of bond $ _1,000.00_

_Matthew Shelton_ _____ Defendant

Affiant, _Barbara + Johnny Wilson_ states that he is the sole owner (or if jointly owned, Affiants are the sole owners) of the unencumbered equity in the real estate herein described, that the property is not exempt from execution, and that he offers it as security for the appearance of the defendant in accordance with the conditions of release imposed by the court; and affiant(s) hereby grants a lien upon this property for the purpose in the amount of $ _1,000.00_.

The real estate is located in _Clinton_ County, Kentucky. A legal description is attached hereto, and is recorded in Deed Book _87_, Page _561-59_ in that county.

The following is a list of all encumbrances and exemptions on the real estate.

Amount:                          Held by:

$ _29,000.00_

_____       Homestead Exemption

_____       _F.H.A._

The market value of the unencumbered equity is $ _33,500.00_ which is twice the amount of the bond over and above any encumbrances or exemptions.

The real estate has not previously been used or accepted as bail in this Commonwealth during the 12 months preceding the date of this bail; or if it has been so used, affiant is the defendant or is related to defendant no further removed than first cousin or is (are) the father-in-law, mother-in-law, son-in-law, daughter-in-law of the defendant.

The affiants have read the above schedule and file this with the surety bond herein. The affiants further state that the statements herein are true to the best of their knowledge and that they are subject to penalty of perjury if a false statement has been made.

x _Barbara Williams_

x _Johnny Williams_
        Address                              Address

Subscribed and sworn to before me this _10_ day of _Jan_, 20 _00_.

Copy Distribution:
    Original - Courtfile
    Certified Copy - County Clerk
    where property located (with certified
    copy of Bail Bond and Recording Fees).

_Linda Grace_

Title _D.C_

STATE OF KENTUCKY
COUNTY OF CLINTON

I, Jim Elmore, Clerk of the County for the County and State aforesaid certify that the forgoing _Bail Bond_ was on the _11_ day of _January_ 2000, lodged in my office at _2:39_ a.m., _p.m._; Whereupon the same with the foregoing and this certificate have been recorded in _Misc_ Book No. _4_, Page No. _540_.

Witness by my hand this _12_ day of _January_ 2000.

JIM ELMORE, CLERK

_Denise Dishen_
                                                        D.C.

# EXHIBIT I

FILED
AT _____ M

FEB 29 2016 Pd,
13.00

CLINTON COUNTY
SHELIA BOOHER
County Clerk

COMMONWEALTH OF KENTUCKY
CLINTON DISTRICT COURT
CIVIL DIVISION
CIVIL CASE NO. 15-C-00164

NOTICE OF JUDGMENT LIEN ON REAL ESTATE

JUDGMENT DEBTOR:                    JUDGMENT CREDITOR:
MARTHA SHELTON                          LVNV FUNDING LLC
                                        55 BEATTIE PL #110 MS#252
                                        GREENVILLE, SC 29601

Total judgment amount as of February  22, 2016 :      $929.47
Principal amount:                                     $830.92
Accrued interest:                                       $3.55
Interest rate:                                        12.000%
Costs:                                                 $95.00
Attorney fees:                                          $0.00

   The filing of this Notice in the County clerk's office below acts as
a lien upon all real estate in that County, in which the Judgment Debtor
has any ownership interest.

          TO THE CLERK OF THE COUNTY STATED BELOW:

   Pursuant to KRS 426.720, you shall immediately enter this Notice of
Judgment Lien in the lis pendens records of your office, to act as a
lien upon all real estate in your County in which the above JUDGMENT
DEBTOR has any ownership interest. You shall note your entry upon the
original of this Notice, and return a copy thereof to the attorney for
Judgment Creditor whose name and address are below.

TO: CLINTON County Clerk

                         NOTICE TO JUDGMENT DEBTOR, YOU MAY

                         BE ENTITLED TO AN EXEMPTION UNDER

                         KRS 427.060 REPRINTED BELOW.  IF YOU

                         BELIEVE YOU ARE ENTITLED TO ASSERT

                         AN EXEMPTION, SEEK LEGAL ADVICE.

KRS 427.060:       "In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed five thousand ($5,000.00) Dollars in value, in real or personal property that such debtor or a dependant of such debtor uses as a permanent residence in this State, or in a burial plot for such debtor or a dependant at such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon."

This Instrument was prepared and submitted by:

WELTMAN, WEINBERG & REIS CO., L.P.A.

James T. Hart, 92054
525 Vine Street, Suite 800
Cincinnati, Ohio  45202
(513) 723-2200

134261
Filed on: 3/1/2016 2:03:06 PM
Book: MISC Number: 25
Pages: 58 - 59
Sheila Braswell Booher, Clinton County
DC: KATE PARRISH

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Notice of Judgment Lien has been mailed by regular U. S. Mail postage pre-paid to:

        MARTHA SHELTON
        45 REYNOLDS RD
        ALBANY, KY 42602

on this 26th day of February , 2016

                James T. Hart, 92054
                Attorney for Plaintiff
                525 Vine Street, Suite 800
                Cincinnati, OH  45202
                (513) 723-2200
                FAX: 513-723-2239
                CINATTY@WELTMAN.COM

This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose.

# EXHIBIT J

Receipt For Redemption of Land and Certificates of Delinquency

Clinton County Clerk, Clinton County

Owner.  SHELTON MARTHA .

Purchaser:  REX TAX LIENS LLC

Property  65 CENTRAL UNION RD

Address  65 CENTRAL UNION RD
City ALBANY
State: KY  Zip.  42602

Address:  200 S BUCKMAN ST
City. SHEPHERDSVILLE
State: KY  Zip.  40165

Address. 65 CENTRAL UNION RD
City
State.      Zip:

| STATE | 48.80 | SOIL | 7.00 | SHERIFF FEE | 0.00 |
| COUNTY | 26.00 | | | ADVERTISING COST | 0.00 |
| SCHOOL | 170.40 | | | CLERK FEE | 10.00 |
| HEALTH | 14.00 | | | POSTAGE | 2.00 |
| LIBRARY | 16.00 | | | 10 % PENALTY | 30.98 |
| CO EXT | 27.60 | | | SHERIFF ADD ON | 34.08 |
| FIRE AC | 0.00 | | | SHERIFF COMMISSION | 14.41 |
| n/a | 0 | LAWSUIT FEES | 0 | CLERK COMMISSION | 36.41 |
| | | | | CO ATTY COMMISSION | 72.83 |

| Tax Year | 2016 | Map ID 035-00-00-028.05 | |
| Bill No | 006318 | Date Due  4/17/2017 | |
| Type | REAL ESTATE | Date Paid  9/12/2017 | |
| Value | 40000.00 | District     0 | |
| Org Amt | 309.80 | Total Tax Amount Due: | 533.87 |
| Interest | 23.36 | Total Tax Amount Paid: | 533.87 |
| Charges | 200.71 | Total Balance Due: | 0.00 |

Received By:    KATE.PARRISH



**FILED**
AT___9:09AM

SEP 1 2 2017

CLINTON COUNTY
SHELIA BOOHER
County Clerk

137259
Filed on: 9/12/2017 2:10:49 PM
Book: MISC  Number: 26
Pages: 187 - 187
Sheila Braswell Booher, Clinton County
DC: LILLIE STEWART

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

1:19-cv-00176-GNS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Martha Shelton; Unknown Spouse of Martha Shelton; Commonwealth of Kentucky, County of Clinton; LVNV Funding LLC, and Rex Tax Liens, LLC |
| **(b)**   County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Clinton County<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*<br>Travis W. Thompson KBA 91275<br>2360 Chauvin Drive, Suite 204<br>Lexington, KY 40517-3917 | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1    U.S. Government
        Plaintiff
- ☐ 2    U.S. Government
        Defendant
- ☐ 3    Federal Question
        *(U.S. Government Not a Party)*
- ☐ 4    Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | ☐ 865 RSI (405(g)) | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☒ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1    Original
        Proceeding
- ☐ 2    Removed from
        State Court
- ☐ 3    Remanded from
        Appellate Court
- ☐ 4    Reinstated or
        Reopened
- ☐ 5    Transferred from
        Another District
        *(specify)*
- ☐ 6    Multidistrict
        Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28, U.S.C. Section 1345
Brief description of cause:
Default of payments on Note and Mortgage; Action in Foreclosure

| VII.  REQUESTED IN<br>COMPLAINT: | ☐  CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**      ☐ Yes    ☒ No |
|---|---|---|---|

| VIII.  RELATED CASE(S)<br>IF ANY | *(See instructions):*<br>JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|

| DATE<br>12/10/2019 | SIGNATURE OF ATTORNEY OF RECORD<br>/s/ Travis W. Thompson |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.